Daniel, Judge.
 

 If the limitations in a deed of slaves were contained in a last will, and would be good as an executory devise, they shall be good and effectual in the deed as a remainder. Rev. Stat. c. 37, s. 22. The plaintiff had but the interest of Brown in the slave under the deed of Sarah Win burn. To ascertain what that interest was, it may be necessary to divide the deed into five branches. First, the settlor, by the deed, gave the slave to her son-in-law Brown and his wife Temperance, until the full age or marriage of Mary and Sarah Wilkins, which may first happen.
 
 Secondly:
 
 But if Brown shall die before his wife and “during
 
 their
 
 being unmarried or under twenty-one years of age,” then the right shall vest in the wife of Brown, until the full age of twenty-one years or the marriage of Mary and Sally Wilkins.
 
 Thirdly:
 
 But if the wife should die before her husband, then the whole property shall vest in the said Mary and Sarah Wilkins, their heirs and assigns, to be equally divided between them as tenants in common.
 
 Fourthly:
 
 “And
 
 from
 
 and after the full age of twenty-one years
 
 or
 
 the marriage of
 
 Mary F.
 
 Wilkins, then the one half of the said property and estate to be equally divided and delivered to her and her heirs forever.” As to the other moiety, it is given to Sarah J. Wilkins in the same terms.
 
 Fifthly:
 
 Brown is made liable to account for the profits of the estate only “ after the .respective age of twenty-one years or the marriage” of the grand-daughters of the settlor.
 

 The plaintiff contends that Brown was entitled to the exclusive interest in the slave until Mary and Sarah
 
 loth
 
 
 *275
 
 married, or
 
 both
 
 should arrive to the age of twenty-one years, or one should marry and the other arrive to the age of twenty-one years. Both of the girls had not married at the date of the writ. Sarah then was single and under age.
 

 One tenant 'of^SeT ue for such Ms c0‘tenant‘
 

 The cases of Campbell/ r65’ and ot m* T-Was* son ^ jQgy 398’, cited apr’l'c>y*
 

 From reading the whole deed, and particularly the fourth and fifth branches of it, the intention of the settlor seems to be apparent, that on the event of either oí hergrand-daughters marrying
 
 or
 
 arriving at age, one half of the property should immediately vest in such grand-daughter. The tate was not intended to remain in Brown and wife until both the girls married. The grantor was making a provision for each of the girls, to take effect at such time as they or either of them might reasonably want it. We are of opinion that, at the date of the writ, the defendant was tenant in common- of the slave with the'plain tiff. One tenant in 'common cannot maintain detinue against his co-tenant to *- cover the possession of the chattel so held in ^
 
 Campbell
 
 v.
 
 Campbell, 2
 
 Mur. Rep. 65.
 
 Lncas v. Wasson, 2
 
 Dev. Rep. 398. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.